## Quashnock v. Sigmund

Before Montgomery and Nixon, JJ.

*David Roth*, for plaintiff.

*Tryon & Ludwig*, for defendant.

NIXON, J., June 10, 1953. — In this case it appears that both relator and defendant are, and were at all significant times, duly elected Commisisoners of Reserve Township, a township of the first class. Pursuant to section 701 of the First Class Township Code of June 24, 1931, P. L. 1206, art. VII, sec. 701, as

amended, 53 PS §19092-701 (Supp. 1952), the township commissioners met on January 7, 1952, for the purpose of organizing. All of the commissioners were present. At that meeting, relator was elected president by his fellow commissioners. He served in this capacity until April 14, 1952, when, at a regular monthly meeting of the board of commissioners all members being present, relator was removed from office and defendant was elected president of the board. On February 16, 1953, relator brought this action in quo warranto, seeking to remove defendant from the office of president of the board of township commissioners, and to have himself declared president. Defendant has filed preliminary objections by way of demurrer and asserts that the office of president of the board of township commissioners is an appointive one, and a majority of the commissioners may remove the incumbent at any time and appoint another commissioner to the office.

We agree that the contention of defendant is correct. The same question was decided many years ago in the case of Commonwealth ex rel. Mayer v. Pape, 21 Dist. R. 1123. To be sure, the First Class Township Act has undergone some changes since 1912, but nowhere in the present act, do we find any expression of legislative intent indicating a contrary view of the law on this question.

We have given careful consideration to the applicable constitutional provisions and as a result are obliged to hold that the office of president of the board of township commissioners is an appointive office within the meaning of article VI, sec. 4, of the Constitution. Therefore, a person holding such office may be removed at the pleasure of the board of commissioners.

Defendant's demurrer must be sustained and the complaint dismissed.